## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Carl Childers (#48553-424) | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 16 C 5098 |
| v. | ) |  |
|  | ) | Judge Thomas M. Durkin |
|  | ) |  |
| Kendall County Jail, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Plaintiff's motion to proceed *in forma pauperis* [#7] is granted. The Court directs the trust fund officer at Plaintiff's place of incarceration to deduct $8.00 from Plaintiff's account as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Metropolitan Correctional Center. The amended complaint may proceed against Kendall County Jail Deputy Buis but not the Kendall County Jail, which is dismissed. The Clerk shall: (1) file Plaintiff's amended complaint [#8], (2) issue summons for its service on Buis, (3) forward the USM 285 forms Plaintiff previously submitted [#5] to the Marshal, and (4) send a magistrate judge consent form, filing instructions, and a copy of this order to Plaintiff. The U.S. Marshal is appointed to serve Defendant. The Clerk is further directed to change the caption of this case to "Childers v. Buis."

## STATEMENT

Plaintiff Carl Childers, a pretrial detainee at the Metropolitan Correctional Center in Chicago, has submitted an amended complaint and a completed *in forma pauperis* application in accordance with the Court's prior order. He brings this 42 U.S.C. § 1983 action against Kendall County Jail Deputy Buis and the Kendall County Jail itself. Plaintiff alleges Deputy Buis used excessive force and assaulted Plaintiff for no reason. The amended complaint does not state when the alleged assault occurred, but his original complaint indicated it happened on January 4, 2016.

Plaintiff's second *in forma pauperis* application is complete and demonstrates he cannot prepay the filing fee. The Court grants Plaintiff *in forma pauperis* status for the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $8.00 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the

Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Turning to Plaintiff's amended complaint, the Court has conducted its required initial review pursuant to 28 U.S.C. § 1915A. The Court notes that the amended complaint (like the original one) provides few details about the incident between Plaintiff and Deputy Buis. Plaintiff states that Buis "used over excessive force and I never did anything wrong." (Doc. 8, Amended Compl. at 4). Such allegations, though minimal, appear to state a colorable claim against Buis. Force may be unconstitutionally excessive if it is not "applied in a good faith effort to maintain or restore discipline," but instead is applied "maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The amended complaint may proceed against Buis. The Kendall County Jail, however, is dismissed. As previously explained, a county jail does not have its own legal existence and is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). If Plaintiff wants to bring a claim that excessive force by Kendall County Jail officers is so widespread that it amounts to an unconstitutional custom or policy, Plaintiff should clearly state such a claim and name a jail official, such as the Kendall County Sheriff.

The Clerk shall issue summons for service of the amended complaint on Buis and shall forward to the U.S. Marshal the USM 285 forms Plaintiff submitted with his original complaint. The U.S. Marshal is appointed to serve Defendant and shall use all reasonable efforts to serve him. If Buis is no longer employed at the Kendall County Jail, officials there shall provide the Marshal with Buis' last known address, which shall be used only to effectuate service and which will neither be divulged by the Marshal nor kept in the Court's file for this case.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendants or to defense counsel if an attorney has entered an appearance on their behalf. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Date:   7/5/2016                                  /s/   Thomas M. Durkin

2